**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| LAZO TECHNOLOGIES, INC., | § | |
| W & R TECHNOLOGY LLC, D/B/A ATS | § | |
| SOUTH D/B/A ADVANCED | § | |
| TECHNOLOGY SOLUTIONS SOUTH, | § | |
| AND EDDIE HILL D/B/A HILL | § | |
| PROFESSIONAL SERVICES, | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. |
| | § | |
| vs. | § | JURY TRIAL DEMANDED |
| | § | |
| HEWLETT-PACKARD COMPANY, | § | |
| GARRETT GOETERS, AND DOES 1-5, | § | |
| | § | |
| Defendants. | § | |

**NOTICE OF REMOVAL**

Defendant Hewlett-Packard Company ("HP"), by and through its undersigned counsel,

hereby provides notice pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of the removal of the

above-captioned case from the County Court at Law No. 4 in Dallas County, Texas, to the

United States District Court for the Northern District of Texas, Dallas Division.

**I. INTRODUCTION**

1.       Plaintiffs filed this action on November 9, 2012, in the County Court at Law No.

4 in Dallas County, Texas.  The case was docketed as Cause No. CC-12-06786-D.  A true and

correct copy of the Original Petition is attached to this Notice of Removal as Exhibit A.

Plaintiffs never served HP with a copy of their Original Petition.  Plaintiffs filed their First

Amended Petition on November 12, 2012, a copy of which is attached to this Notice as Exhibit

B.  Plaintiffs first served HP with Citation on November 14, 2012, along with a copy of their

First Amended Petition.  A true and correct copy of the Citation is attached to this Notice as Exhibit C.

2.       Plaintiffs served Defendant Garrett Goeters with Citation and a copy of the First Amended Complaint on November 16, 2012, a copy of which is attached to this Notice as Exhibit D.[1]

3.       Neither HP nor Goeters has filed a responsive pleading at this time.

4.       Plaintiffs have demanded a jury in the state-court suit.

## II. TIMELINESS OF REMOVAL

5.       The filing of this Notice of Removal is timely under 28 U.S.C. § 1446, which states as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).  The Texas Rules of Civil Procedure require the plaintiff to serve all defendants with a copy of the petition at the time that the petition is filed with the clerk of court. *See* Tex. R. Civ. P. 21 ("Every pleading . . . shall be filed with the clerk of court in writing . . . and at the same time a true copy shall be served on all other parties, and shall be noted on the docket.").  Plaintiffs first served HP with Citation on November 14, 2012, along with a copy of their First Amended Petition.  This Notice of Removal is, therefore, timely as it is filed within 30 days after notice and receipt by HP of the only pleading that was ever served on HP in this litigation.

---

[1]       The First Amended Petition also asserts claims against five fictitious "Does."  No person has been served Citation as a Doe and, as explained further below, the citizenship of the purported Doe Defendants is not relevant to determining jurisdiction in this matter.

## III. DIVERSITY JURISDICTION

6.     The federal removal statute allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  This Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.   Diversity jurisdiction exists where (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) the suit is between citizens of different states. 28 U.S.C. § 1332(a); *see also Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).   In addition, all properly joined and served defendants must join in or consent to the removal.  28 U.S.C. § 1446(b)(2)(A).  Finally, the suit may not be removed to federal court if any properly joined and served defendant is a citizen of the state in which the state-court suit was brought.  28 U.S.C. § 1441(b)(2).

7.     Notwithstanding the above requirements, "under the fraudulent joinder doctrine, federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined nondiverse and/or in-state defendant."  *Salazar v. Allstate Tex. Lloyd's Inc.*, 455 F.3d 571, 574 (5th Cir. 2006).  "If a defendant has been fraudulently joined, the citizenship of that defendant is disregarded for purposes of determining diversity."  *Cantor v. Wachovia Mortg., FSB*, 641 F. Supp. 2d 602, 606 (N.D. Tex. 2009).

8.     This case meets the above-mentioned requirements for diversity jurisdiction, as explained more fully below.

### Diversity of Citizenship

9.     For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  In this case,

Defendant HP is a business incorporated in Delaware with its principal place of business in Palo Alto, California.  Upon information and belief, all three Plaintiffs are citizens of Texas.  Upon information and belief, Goeters also is a citizen of Texas; however, for the reasons stated below, Goeters was improperly joined. This Court should, therefore, disregard Goeters when determining whether there is diversity of citizenship.  *See, e.g.*, *Salazar*, 455 F.3d at 574; *Cantor*, 641 F. Supp. 2d at 606.

10.     The Fifth Circuit recognizes two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003).  Under the second prong of this test, Goeters was improperly joined to the state-court suit.

11.     To prove improper joinder under the second prong, a defendant must show there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."  *Id.*  "A 'mere theoretical possibility' of recovery under state law does not suffice to preclude removal."  *Cantor*, 641 F. Supp. 2d at 607 (citing *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

12.     In *Griggs v. State Farm Lloyds*, the Fifth Circuit found that, based on the insufficient allegations in the complaint, the plaintiff improperly joined the defendant.  The *Griggs* court noted:

> Griggs' original and amended petitions name Lark Blum as a defendant, but
> allege no actionable facts specific to Blum. The only factual allegation even
> mentioning Blum merely states that "Defendants [sic], through its local agent,
> Lark Blum issued an insurance policy."

181 F.3d 694, 699 (5th Cir. 1999).  The court rejected the plaintiff's argument that Texas was a

notice pleading state, noting that Griggs's allegations failed to meet "even the liberalized

requirements that permit notice pleading."  *Id.*  The Fifth Circuit sustained jurisdiction finding

that Griggs's allegations did not "set forth actionable claims against Blum."  *Id.*; *see also Cantor*,

641 F. Supp. 2d at 612 (finding resident defendant improperly joined where petition contained

"bare allegations" as to defendants collectively and failed to allege supporting facts specific to

resident defendant); *Powell v. Dall. Morning News LP*, 610 F. Supp. 2d 571, 580 (N.D. Tex.

2009) (holding that "blanket allegations against all Defendants" are insufficient to state viable

claims for relief).

13.    This case is analogous to *Griggs*, *Cantor*, and *Powell* in that Plaintiffs allege no

actionable facts specific to Goeters.  In their First Amended Petition, Plaintiffs do not allege any

act or omission committed by Goeters.  Indeed, Plaintiffs do not even mention Goeters by name

outside of the introductory allegations relating to parties and service, where Plaintiffs allege

Goeters "was an HP Enterprise Account Manager at all times relevant to this Petition."  (*See*

First Am. Pet. ¶ 5.)  Within their Statement of Facts Applicable to All Causes of Action, most of

the allegations simply set forth facts applicable to HP and HP employees in general.  (*Id.* ¶¶ 10–

23.)

14.    Plaintiffs end the factual allegations section of their Petition by stating "HP and

Defendants collectively had a fiduciary relationship as co-partners, or co-venturers, and engaged

in illegal activity that caused Plaintiffs to be prevented from collecting proper payment for the

work they performed."  (*Id.* ¶ 24.)  Thus, the only factual allegations Plaintiffs have made against

Goeters are that he was an employee of HP and yet somehow also co-partner or co-venturer with Plaintiffs. These factual allegations are insufficient to allege a claim against Goeters.

15.     Within their allegations relating to specific causes of action, like the plaintiffs in *Griggs*, *Cantor*, and *Powell*, Plaintiffs here simply refer collectively to "Defendants," which is insufficient as a matter of law to state a viable claim for relief against Goeters. The Petition is noticeably silent on mentioning any specific wrongdoing by Goeters. Plaintiffs have not established any reasonable basis for the Court to predict that relief may be granted against Goeters based on the facts alleged. As such, this Court should disregard Goeters for the purposes of determining whether there is diversity of citizenship.

16.     In addition, Defendants Does 1–5 are irrelevant for purposes of determining whether there is diversity of citizenship. "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Plaintiffs describe Does 1–5 as "persons or entities either residing or doing business within the State of Texas, who are associated with Defendants, whose names are not currently known." (First Am. Pet. ¶ 6.) Thus, Does 1–5 are fictitiously named defendants, whom this Court should disregard for purposes of finding complete diversity among the parties.

17.     In sum, there is complete diversity of citizenship among Plaintiffs, which are all citizens of Texas, and HP, which is a citizen of Delaware and California and the only properly joined and named Defendant in the state-court suit.

### Amount in Controversy

18.     The "notice of removal may assert the amount in controversy if the initial pleadings seeks . . . a money judgment, but the State practice either does not permit demand for a

specific sum or permits recovery of damages in excess of the amount demanded."  28 U.S.C. § 1446(c)(2)(A)(ii).  "[R]emoval of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."  28 U.S.C. § 1446(c)(2)(B).  "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth the facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount.'"  *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

19.     In their First Amended Petition, Plaintiffs refrained from specifying an amount of damages in an attempt to evade diversity jurisdiction.  As explained more fully below, HP asserts, in accordance with the supporting documents provided, that the amount in controversy is well over $75,000.  In addition, it is facially apparent that Plaintiffs claims are in excess of $75,000 based on the nature of the facts alleged and damages sought in the First Amended Petition.

20.     Plaintiffs allege that their injury resulted from the denial of payment by the Universal Service Administrative Company (USAC) and the Federal Communications Commission (FCC) for services Plaintiffs performed under a USAC-administered contract with the Dallas Independent School District.  (*See* First Am. Pet. ¶ 28.)  Plaintiffs allege that from June 2004 through the fall of 2006, Plaintiffs provided "cabling, wiring and installation of HP equipment" for the Dallas Independent School District.  (*Id*. ¶¶ 12–18.)  Plaintiffs allege that the school district paid its portion for the services, which was "generally between ten and twenty percent of the total cost."  (*Id*. ¶¶ 11–13.)  Plaintiffs allege that the USAC, which was to pay "the

balance," denied Plaintiffs the remaining amount owed for services performed.  (*Id.* ¶ 11.) Plaintiffs never specify the amount paid by the school district or the amount owed by the USAC.

21.     Plaintiffs allege that certain conduct by HP directly contributed to the USAC's denial of funding.  (*Id.* ¶ 22.)  Accordingly, Plaintiffs assert claims against HP for fraud, breach of fiduciary duty, negligence, tortious interference with existing contract, civil conspiracy, and violation of the Texas Deceptive Trade Practices Act.  (*Id.* ¶¶ 25–38.)  In addition, Plaintiffs assert that HP's conduct was, among other things, "intentional, willful, and malicious."  (*Id.* ¶ 40.)

22.     Plaintiffs demand "damages of every nature and type," including "punitive and/or exemplary damages . . . in the maximum amount allowed by law." (*Id.* ¶¶ 39–40.)   The maximum amount allowed by Texas law for exemplary damages is "the greater of: (1)(A) two times the amount of economic damages; plus (B) an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or (2) $200,000."  Tex. Civ. Prac. & Rem. Code § 41.008.

23.     As previously stated, Plaintiffs do not specify a dollar amount for the funding that they claim was denied to them by the USAC and FCC.  It is facially apparent from the Petition, however, that this amount is in excess of $75,000 given the nature of the contract.  Even after deducting the amount paid to Plaintiffs by the school district, the remaining cost for over two years of cabling, wiring, and installation of internet equipment across the Dallas Independent School District, upon information and belief, amounts to well over $75,000.

24.     In support of this assertion, HP has provided the Court with a copy of the actual FCC order denying payment.  The order is attached to this Notice as Exhibit E.  The order, dated August 12, 2009, states that "Petitioners seek payment for invoices totaling more than $2.5

million for cabling work performed for DISD during funding year 2003."  Order, *In the Matter of Lazo Technologies, Inc.*, CC Docket No. 02-6, at 4 (Fed. Commc'ns Comm'n Aug. 12, 2009), available at http://hraunfoss.fcc.gov/edocs_public/attachmatch/DA-09-1797A1.pdf.  HP has also provided the Court with a copy of the subsequent FCC order denying reconsideration, which is attached to this Notice as Exhibit F.  Order on Reconsideration, *In the Matter of Lazo Technologies, Inc.*, CC Docket No. 02-6, at 2 n.9 (Fed. Commc'ns Comm'n Nov. 29, 2011), available at http://hraunfoss.fcc.gov/edocs_public/attachmatch/FCC-11-177A1.pdf.

25.     In sum, the amount in controversy is sufficient to confer diversity jurisdiction on this Court pursuant to 28 U.S.C. § 1332(a).

### Consent of Properly Joined Defendants

26.     "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  Goeters is *not* required to join in or consent to the removal because he was not *properly* joined pursuant to section 1446(b)(2)(A).  *See, e.g.*, *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001) (where defendant removed action to federal court on basis of diversity jurisdiction, claiming that codefendant was improperly joined).  Does 1–5 are not required to join in or consent to the removal because they are fictitiously named, unknown defendants.  *Balazik v. County of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995) ("The unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined.").  HP is the only *properly* joined Defendant and consents to the removal.

**In-State Defendant Rule**

27.      "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).   However, as previously stated, "under the fraudulent joinder doctrine, federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined nondiverse and/or in-state defendant."  *Salazar*, 455 F.3d at 574.  Because Goeters was improperly joined (as explained above), his presence in the state-court suit does not defeat the diversity jurisdiction otherwise conferred upon this Court.

28.      In sum, all of the requirements for diversity jurisdiction have been met pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

**IV. VENUE**

29.      Venue is proper in the United States District Court for the Northern District of Texas, Dallas Division under 28 U.S.C. § 1441(a) because the County Court at Law No. 4 in Dallas County, where this suit has been pending, is located in this district and division.

**V.  PROCEDURAL REQUIREMENTS**

30.      Pursuant to 28 U.S.C. § 1446(d), concurrent with the filing of this Notice of Removal, HP is filing a written Notice of Filing Notice of Removal with the Clerk of the County Court at Law of Dallas County.  This Notice of Removal and the Notice of Filing Notice of Removal are being served upon Plaintiffs' counsel as required by 28 U.S.C. § 1446(d).

31.      Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1(a)(4), an index of the state-court record, a copy of the state-court docket, and copies of all pleadings, process, orders, and other filings in the state-court suit, are collectively attached to this Notice as Exhibit G.

32.     Pursuant to Local Rules 81.1(a)(4)(D) and 3.1(c), a separately signed Certificate of Interested Persons is attached to this Notice as Exhibit H.

33.     Pursuant to Local Rules 81.1(a)(3) and 3.3(b)(3), a Notice of Related Case is being filed separately with the Clerk of Court, and is also attached to this Notice as Exhibit I.

34.     Pursuant to Local Rule 81.1(a)(1), a Civil Cover Sheet is being filed separately with the Clerk of Court, and is also attached to this Notice as Exhibit J.

35.     Pursuant to Local Rule 81.1(a)(2), a Supplemental Civil Cover Sheet for Cases Removed from State Court is being filed separately with the Clerk of Court, and is also attached to this Notice as Exhibit K.

## VI. CONCLUSION

36.     In sum, removal is proper because (1) this Notice of Removal is timely filed; (2) Plaintiffs fraudulently and improperly joined Goeters to the state-court lawsuit in order to defeat diversity jurisdiction; (3) this Court has original jurisdiction over this matter because there is complete diversity between Plaintiffs and the only properly joined and named Defendant, HP, and the amount in controversy exceeds $75,000; and (4) venue is proper because the County Court at Law No. 4 of Dallas County is located in this district.

37.     By filing a Notice of Removal in this matter, HP does not waive its right to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and HP specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

WHEREFORE, notice is given that this action is removed from the County Court at Law No. 4 in Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division.

Dated:  December 8, 2012                    Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**


   */s/ David J. Levy*
David J. Levy
State Bar No. 12264850
Patrick K.A. Elkins
State Bar No. 24045829
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
Telephone: (713) 890-5000
Facsimile:  (713) 890-5001

**CONRAD O'BRIEN PC**

Patricia M. Hamill*
Telephone: (215) 864-8071
Facsimile:  (215) 864-0793
Deborah  J. Krabbendam*
Telephone: (215) 864-8070
Facsimile:   (215) 864-9340
1500 Market Street, Suite 3900
Philadelphia, PA 19102
*pro hac vice* applications to be submitted

**ATTORNEYS FOR DEFENDANT,**
**HEWLETT-PACKARD COMPANY**


OF COUNSEL:

Dorothy Abzanka Culham
State Bar No. 05207550
HEWLETT-PACKARD COMPANY
OFFICE OF THE GENERAL COUNSEL
5400 Legacy Drive
Mail Stop H4-1H-13
Plano, Texas  75024
Telephone: (972) 605-4132
Facsimile: (972) 605-5616

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 8th day of December, 2012, a true and correct copy of the foregoing document was served via e-mail and/or certified mail, return receipt requested, upon the following counsel of record:

James E. Pennington
Law Offices of James E. Pennington, P.C.
900 Jackson Street, Suite 440
Dallas, Texas 75202-4473
jep@jeplawyer.com

Garett Goeters
2317 Rio Mesa Drive
Austin, TX 78732

Walter Steimel, Jr.
Loeb & Loeb LLP
901 New York Avenue NW
3rd Floor East
Washington, DC 20001-4432
wsteimel@loeb.com

*/s/ David J. Levy*
David J. Levy